**COURT OF APPEALS FOR THE**
**FIRST DISTRICT OF TEXAS AT HOUSTON**



ORDER OF CONTINUING ABATEMENT

Appellate case name:      Adrian Barnes v. The State of Texas

Appellate case number:   01-19-00630-CR

Trial court case number:  1494270

Trial court:                  290th District Court of Harris County

Appellant, Adrian Barnes, has filed a notice of appeal of the trial court's judgment signed on June 14, 2019, adjudicating appellant guilty of the felony offense of burglary of a habitation and assessing his punishment at confinement for five years.  Appellant's retained counsel, Alexander J. Houthuijzen, has not filed a brief on appellant's behalf.  Appellant's brief was due on September 30, 2019. *See* TEX. R. APP. P. 38.6(a).  On October 3, 2019, the Clerk of this Court notified appellant's counsel that a brief had not been filed and, unless appellant filed a motion requesting an extension of time along with appellant's brief or a motion to extend time to file appellant's brief by October 14, 2019, the Court might be required to order the trial court to conduct a hearing pursuant to rule 38.8. *See* TEX. R. APP. P. 38.8(b)(2), (3).  Counsel did not file a brief on appellant's behalf.

On November 21, 2019, the Court abated appellant's appeal and remanded the case to the trial court to immediately conduct a hearing at which a representative of the Harris County District Attorney's Office and appellant's counsel, Alexander J. Houthuijzen, were to be present. *See* TEX. R. APP. 38.8(b)(2).  Appellant was also to be present for the hearing in person or, if appellant was incarcerated, at the trial court's discretion, appellant could participate in the hearing by closed-circuit video teleconferencing.[1]  Further, the trial court was to have a court reporter record the hearing.  And the trial court was directed to:

(1)  make a finding on whether appellant wished to prosecute the appeal;
(2)  if appellant wished to prosecute the appeal, determine whether appellant's counsel,

---

[1]    Any such teleconference must have used a closed-circuit video teleconferencing system that provided for a simultaneous compressed full motion video and interactive communication of image and sound between the trial court, appellant, and any attorneys representing the State or appellant.  On appellant's request, appellant and his counsel were to be able to communicate privately without being recorded or heard by the trial court or the attorney representing the State.

Alexander J. Houthuijzen, had abandoned the appeal;

(3) if appellant's counsel, Alexander J. Houthuijzen, had not abandoned the appeal:

    a.    inquire of counsel the reasons, if any, that he had failed to file a brief on appellant's behalf;

    b.    determine whether appellant had paid counsel's fee for preparing an appellate brief and determine whether appellant had made any other necessary arrangements for filing a brief; and

    c.    set a date when appellant's brief was to be due, regardless of whether this Court had yet reinstated the appeal and no later than 30 days from the date of the trial court's hearing;

(4) if appellant's counsel, Alexander J. Houthuijzen, had abandoned this appeal, enter a written order relieving him of his duties as appellant's counsel, including in the order the basis for the finding of abandonment, determine whether appellant is indigent, and:

    a.    if appellant is now indigent, appoint substitute appellate counsel at no expense to appellant;

    b.    if appellant is not indigent, admonish appellant of the dangers and disadvantages of self-representation, and:

        i.  determine whether appellant had knowingly and intelligently waived his right to counsel and, if so, obtain a written waiver of the right to counsel and set a date when appellant's brief was to be due, regardless of whether this Court had yet reinstated the appeal and no later than 30 days from the date of the trial court's hearing; or,

        ii.  if appellant did not wish to proceed pro se, provide a deadline by which appellant was to hire an attorney, which must be no more than 30 days from the date of the hearing;

(5) make any other findings and recommendations that the trial court deemed appropriate; and

(6) enter written findings of fact, conclusions of law, and recommendations as to these issues, separate and apart from any docket sheet notations.

*See* TEX. CODE CRIM. PROC. ANN. art. 1.051(a), (d)(1), (f); TEX. R. APP. P. 38.8(b); *see also Gonzalez v. State*, 117 S.W.3d 831, 837 (Tex. Crim. App. 2003) (stating presumption in favor of right to choice of counsel may be overridden by other factors relating to fair and orderly administration of justice); *cf.* TEX. CODE CRIM. PROC. ANN. art. 1.051(g) (requiring trial court to advise defendant of dangers and disadvantages of self-representation prior to proceeding to trial), 26.04(j)(2) (authorizing trial court to order appointed counsel to withdraw after finding of good cause is entered on record).

We then directed the trial court clerk to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court no later than 30 days from the date of the Court's November 21, 2019 order. The court reporter was also directed to file the reporter's record of the hearing no later than 30 days from the date of the Court's November 21, 2019 order. And if the hearing was conducted by video teleconference, a certified video recording of the hearing was to be filed in this Court no later than 30 days from the date of the November 21, 2019 order.

On December 2, 2019, appellant's counsel, Alexander J. Houthuijzen, filed an appellant's brief in *Ex parte Adrian Barnes*, No. 01-19-00644-CR—appellant's separate appeal from the trial court's denial of his application for a writ of habeas corpus. Although counsel also listed appellate cause number 01-19-00630-CR on the front cover of the brief, the issues and arguments raised in the brief solely relate to appellant's separate appeal from the trial court's denial of his application for a writ of habeas corpus.

Given that the brief filed by appellant's counsel on December 2, 2019 does not raise any issues or present any argument to support the reversal of the trial court's judgment signed on June 14, 2019, which adjudicated appellant guilty of the felony offense of burglary of a habitation and assessed his punishment at confinement for five years, we do not consider the brief filed on December 2, 2019 to apply to appellate cause number 01-19-00630-CR. We, therefore, **strike** the reference to appellate cause number 01-19-00630-CR from the front cover of appellant's brief filed on December 2, 2019 in *Ex parte Adrian Barnes*, No. 01-19-00644-CR. **Because appellant's counsel has still not filed a brief on appellant's behalf in appellate cause number 01-19-00630-CR, we continue to direct the trial court to hold the aforementioned hearing discussed above.**

We also continue to direct the trial court clerk to file a supplemental clerk's record containing the trial court's findings and recommendations with this Court **no later than December 23, 2019**. The court reporter is also directed to file the reporter's record of the hearing **no later than no later than December 23, 2019**. And if the hearing is conducted by video teleconference, a certified video recording of the hearing shall also be filed in this Court **no later than no later than December 23, 2019**.

The appeal remains abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the supplemental clerk's record and the reporter's record are filed in this Court. The court coordinator of the trial court shall set a hearing date and notify the parties and the Clerk of this Court of such date.

It is so ORDERED.


Judge's signature: _____/s/ Julie Countiss_____
  ☑ Acting individually    ☐ Acting for the Court


Date: __December 5, 2019___

3